IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Leon D. Boatwright,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant.<br>_____ | Civil Action No. 8:09-2516-TLW-BHH<br><br><br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Leon Boatright, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 44 years old on the alleged onset date and 50 years old as of the date found him to be disabled. (R. at 54, 307, 517.) He has a seventh grade education (R. at 71) and past relevant work as a carpenter and maintenance worker. (R. at 71, 75-82, 357.)

The plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Act respectively on August 7, 2003. (R. at 54-56, 307-12.) He alleged disability since February 28, 2001 (R. at 54, 307), due to bad back, legs, and ankles, inability to stand, sit, or walk for extended periods (R. at 65), and

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

anxiety attacks (R. at 107). His applications were denied in initial and reconsidered determinations (R. at 42-47, 49-51, 313-14, 319-26), after which he requested a hearing before an Administrative Law Judge (ALJ) (R. at 52).

Following a hearing on July 9, 2007 (R. at 327-63), the ALJ issued an unfavorable decision on August 21, 2007 (R. at 13-25). The plaintiff requested review of the ALJ's decision, which the Appeals Council denied (R. at 4-6). The plaintiff then sought judicial review of the ALJ's decision in a complaint filed with this Court in February 2008, Civil Action Number 8:08-448-TLW-BHH. (R. at 408-11.) On motion of the Commissioner, this Court entered an order and judgment remanding the case back to the Commissioner for further administrative proceedings. (R. at 404-05.) The Appeals Council, in turn, issued a remand order on September 24, 2008, in which it vacated the ALJ's August 21, 2007, decision and ordered the ALJ to give further consideration to the opinion of James Bland, M.D., the plaintiff's treating physician, and, if warranted by the expanded record, to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the plaintiff's occupational base. (R. at 412-15.)

A new hearing was held on March 17, 2009, at which the plaintiff, his attorney, and a vocational expert were present. (R. at 513-34.) On June 12, 2009, the ALJ issued a partially favorable decision in which he found that the plaintiff was disabled from January 1, 2006, through the date of the decision. (R. at 364-78.) The ALJ's decision prompted the plaintiff's present Complaint and request for judicial review. [Doc. 1.]

In making his determination that the plaintiff is not entitled to benefits prior to January 1, 2006, the Commissioner has adopted the following findings of the administrative law judge:

> (1) The claimant met the insured status requirements of the Social Security Act on December 31, 2003.
>
> (2) The claimant has not engaged in substantial gainful activity since February 28, 2001, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

2

(3) Since the alleged onset date of disability, the claimant has had the following severe impairments: a history of left ankle fracture with residual pain, lumbar disc syndrome with low back pain, a major depressive disorder, and an anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

(4) Since the alleged onset date of disability, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), and 416.920(d)).

(5) After careful consideration of the entire record, the undersigned finds that, prior to January 1, 2006, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following restrictions: no lifting and or carrying over 20 pounds occasionally and 10 pounds frequently; only occasional climbing of stairs or ramps; no climbing of ladders or scaffolds; only occasional use of foot pedals with the left lower extremity; avoidance of hazards such as unprotected heights; work limited to simple, routine tasks; and no required interaction with the public or "team" type interaction with co-workers.

(6) After careful consideration of the entire record, the undersigned finds that, beginning on January 1, 2006, the claimant has had the residual functional capacity to perform less than even a limited amount of sedentary work on a sustained bases due to the following restrictions: limited to simple, routine work; no required interaction with the public or "team" type interaction with co-workers; no lifting and/or carrying over 10 pounds occasionally; a 45/60 minute sit/stand option with the use of a cane; no use of foot pedals or other controls with the left lower extremity; and avoidance of hazards such as unprotected heights and dangerous machinery.

(7) [left blank in original]

(8) Since the alleged onset date of disability, the claimant has been unable to perform past relevant work (20 CFR 404.1565 and 416.965).

(9) The claimant was born on December 15, 1956, and was 50 years old, which is defined as closely approaching advance age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(10) The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(11) Prior to January 1, 2006, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. Beginning on January 1, 2006, the claimant has not been able to transfer any job skills to other occupations because of his restrictions to simple, routine work (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(12) Prior to January 1, 2006, considering the claimant's age, education, work experience, and residual functional capacity, there were a significant number of jobs in the national economy that the claimant could have performed (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

(13) Beginning on January 1, 2006, considering the claimant's age, education, work experience, and residual functional capacity, there are not a significant number of jobs in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

(14) The claimant was not disabled prior to January 1, 2006, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(15) The claimant has not been under a disability within the meaning of the Social Security Act at any time through December 31, 2003, the date last insured (20 CFR 404.315(a) and 404.320(b)).

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform

alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff only contests the ALJ's determination as to the onset date of disability – that he was not disabled prior to January 1, 2006. Specifically, he argues that the ALJ erred by improperly evaluating the opinion of Dr. James Bland, his treating physician, which indicated that disability commenced on January 17, 2004. (R. at 262.) Dr. Bland completed an "Initial Claim Report for Disability" check-box insurance form for CUNA Mutual Group. (R. at 262-63.) Therein, he indicated that the plaintiff's disability began on January 17, 2004. *Id.* at 263. He represented that the most recent date of treatment was January 18, 2006. *Id.* Dr. Bland stated that the plaintiff had not been released to work and that his estimated recovery time could be as long as two or three years. He said that the plaintiff "[c]annot work – no bend, no stoop, no lift, [and] minimal walking." *Id.* The plaintiff argues that this opinion should have been given controlling weight as to the onset of disability in 2004.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §416.927(d)(2)(2004); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). A "medical opinion," is a "judgment[ ] about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). However, statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements are not medical opinions. These are administrative findings reserved for the Commissioner's determination. SSR 96-2p.

The ALJ expressly found that the medical notes of Dr. Bland, prior to January 2006, showed "treatment **without significant work-related limitations** mostly for insomnia, nerves, and back pain." (R. at 375 (emphasis added).) Consistent with this conclusion, in all of Dr. Bland's treatment records prior to January 2006, he never enumerated any specific work-related limitations. (See R. at 174-79, 181, 184-87, 266, 270-71, 273-79). Moreover,

Dr. Bland's treatment records prior to January 2006, contained insubstantial objective medical findings to support his opinion that the plaintiff was disabled prior to that date. (R. at 174-79, 181, 184-87, 266, 270-71, 273-79.) The plaintiff does not disagree. The ALJ's observation in this regard constituted substantial evidence upon which to discount Dr. Bland's determination as to the onset date of disability as not reliable. *See Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004) (ALJ's finding that treating physician's opinion not persuasive upheld, in part, because his opinion was unsupported by his own treatment notes); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (a physician's opinion should be accorded "significantly less weight" if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence).

The plaintiff complains that the ALJ did not include some specific reference to Dr. Bland's identification of January 17, 2004, as the onset date. There is no such requirement. The ALJ's plain treatment of Dr. Bland's opinion implicitly rejects that date as valid. As stated, the ALJ disagreed that Dr. Bland's medical notes were capable of supporting any disability onset prior to January 2006 – necessarily including dates in January 2004. (R. at 375.) Moreover, the fact that Dr. Bland's medical notes also contained very little work-related limitations after January 2006, as the plaintiff emphasizes, does not somehow rehabilitate their inadequacy; it only confirms it.

The plaintiff also contends that even if Dr. Bland's opinion as to the onset date can be rejected, an ambiguity endured as to the actual date, which the ALJ was not free to resolve without recourse to a medical advisor or expert. This is a more persuasive point. SSR 83-20 states that "medical evidence serves as the primary element in the onset determination." SSR 83-20. That ruling states that "[r]eports from all medical sources (e.g., physicians, hospitals, and government agencies) which bear upon the onset date should be obtained to assist in determining when the impairment(s) became disabling." *Id.* The ruling further states that "[i]n some cases, it may be possible, based on the medical evidence to infer that the onset of a disabling impairment(s) occurred some time prior to the date of the

8

first recorded medical examination, e.g., the date the claimant stopped working." *Id*. It further states that "[h]ow long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis." *Id*.

The Fourth Circuit Court of Appeals has recognized that, although the "Ruling's language does not expressly mandate that the ALJ consult a medical advisor in every case where the onset of disability must be inferred. . . . if the evidence of onset is ambiguous, the ALJ must procure the assistance of a medical advisor in order to render the informed judgment that the Ruling requires." *Bailey v. Chater*, 68 F.3d 75, 79 (4th Cir. 1995). In *Bailey*, the Fourth Circuit determined that the ALJ's decision to award benefits as of six months prior to the consultative examinations was, in essence, "wholly arbitary" where it was not supported by substantial evidence. *Bailey*, 68 F.3d at 80. The court found an "absence of clear evidence documenting the progression of Bailey's condition," ruling that the ALJ did not have the discretion to proceed without a medical advisor. *Id*. at 79.

Although a marginally close call, here, the Court disagrees that any ambiguity exists. As discussed, the ALJ had substantial evidence to reject the plaintiff's only evidence that his disability commenced *prior* to January 2006. (R. at 375.) But, the ALJ did not stop there. Rather, he identified specific evidence of increased problems specifically arising at the the first of 2006. *Id*. Specifically, the ALJ recognized Dr. Bland's opinion that in January 2006 the plaintiff was not released to return to work and that he could not bend, stoop or lift, and could only do minimal walking. *Id*. The ALJ was careful to recognize that Dr. Bland, for the first time, had identified these limitations "on this date." *Id*.

The ALJ also relied on evidence that, on March 28, 2006, the plaintiff initiated mental health treatment with a Dr. Blackwood, who noted that he was lethargic. *Id*. Dr. Blackwood noted that the plaintiff's facial expression was sad and worried; his mood was anxious and depressed; he had feelings of helplessness and hopelessness; and his concentration was decreased. (R. at 291-92.) Between May 2006 and April 2007, Dr. Blackwood diagnosed

9

bipolar II disorder and panic disorder with agoraphobia and consistently found that the plaintiff had sad affect and poor insight. (R. at 286-90, 300-01, 375.) The plaintiff neither acknowledges that the ALJ relied on such a "legitimate medical basis," SSR 83-20 nor assails the same. In other words, the ALJ cited evidence which effectively documented the progression of the plaintiff's condition. *See Bailey*, 68 F.3d at 79.

The defendant has identified other evidence that disability reasonably began in 2006. On February 23, 2006, a lumbar spine MRI study showed bulging annuli at T11-12, T12-L1, L3-4, and L4-5, and multilevel facet joint disease. (R. at 283.) On February 27, 2006, the plaintiff told Dr. Bland that he "need[ed] to discuss getting some mental help for his nerves." (R. at 258.) On March 8, 2006, Mr. Polhill noted that the plaintiff was using a cane for ambulation. (R. at 257, 280, 510).

There can be no ambiguity where the plaintiff has no probative evidence that disability did *not* begin in January 2006 and the ALJ has expressly recounted a legitimate medical bases to conclude that it did. *See Jones v. Astrue*, 2010 WL 2306184, at *6 (E.D. Va. Apr 21, 2010). Said differently, the date identified is not arbitrary. Resort to a medical expert or advisor, under the circumstances, is unnecessary, therefore. The demands of SSR 83-20 were satisfied.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED

s/Bruce H. Hendricks  
BRUCE H. HENDRICKS  
UNITED STATES MAGISTRATE JUDGE

September 22, 2010  
Greenville, South Carolina